## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NORETTA F. BOYD,

      Plaintiff,

v.                                                                 No. 1:25-cv-00422-SCY

PLANET FITNESS,
NEW MEXICO SPORTS AND WELLNESS (HIGHPOINT),
KELLY EDUCATION,
ALBUQUERQUE PUBLIC SCHOOLS and
GREYSTAR PROPERTY MANAGEMENT,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
ORDER GRANTING MOTION TO FILE ELECTRONICALLY,
ORDER TO SHOW CAUSE REGARDING MOTION TO SEAL THIS CASE,
ORDER TO SHOW CAUSE and
ORDER DENYING MOTION TO STAY PROCEEDINGS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint,

Human Rights Complaint, Title VII Discrimination Complaint, Tort Claims Act, Continued Wrong

Doctrine, Doc. 1, filed May 5, 2025 ("Complaint"), Plaintiff's Application to Proceed in District

Court Without Prepaying Fees or Costs, Doc. 2, filed May 5, 2025 ("Application"), Plaintiff's

Motion to Grant NextGen CM/ECF Registration, Doc. 4, filed May 5, 2025 ("Motion to File

Electronically"), Plaintiff's Motion to Seal and Review of Protective Order, Doc. 5, filed May 5,

2025 ("Motion to Seal"), and Plaintiff's Motion to Stay Proceedings, Doc. 6, filed May 5, 2025.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,500.00; (ii) Plaintiff's monthly expenses total $2,459.56; and (iii) Plaintiff has $5,000.00 in cash and a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her total monthly expenses exceed her monthly income.

**Order Granting Motion to File Electronically**

Plaintiff seeks permission to file electronically using CM/ECF. *See* Motion to File Electronically at 1.  The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to

electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

**Order to Show Cause Regarding Motion to Seal This Case**

Plaintiff moves to seal these proceedings on the grounds that Defendants' alleged "acts are in association with retaliation for plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division" and "Plaintiff believes the intention of the engaged former and new defendants is to further inflict public defamatory and retaliatory harm upon plaintiff's pers as evidenced and poses threats inclusive of a potentials of imminent danger." Motion to Seal at 2.

> There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document");

*Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).

*McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]").  Plaintiff's vague statement regarding retaliation and intent to defame Plaintiff does not show a real and substantial interest that justifies depriving the public of access to these proceedings.  The Court orders Plaintiff to show cause why the Court should not: (i) deny Plaintiff's Motion to seal the proceedings in this case; and (ii) unseal the documents Plaintiff has filed in this case and make them accessible to the public.

**Order to Show Cause**

The Complaint should be dismissed for failure to state a claim because there are no factual allegations describing what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed and what specific legal rights Plaintiff believes each Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff states she "believes [Defendants'] acts are in association with retaliation for plaintiffs' previous case filing in the United States District Court Southern District of Indiana Indianapolis Division."  Complaint at 5-8.  Plaintiff's belief that Defendants' acts are retaliatory, without supporting factual allegations, is not sufficient to state a plausible claim.

4

We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must describe what each Defendant did to Plaintiff, when each Defendant did it and what specific legal right Plaintiff believes each Defendant violated. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Order Denying Motion to Stay Proceedings**

Plaintiff seeks a stay of proceedings as to three claims in the Complaint and states Defendants' alleged "acts are in association with retaliation for plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division" and "Plaintiff believes the intention of the engaged former and new defendants is to further inflict public

defamatory and retaliatory harm upon plaintiff's person as evidenced and poses threats inclusive of a potentials of imminent danger."  Motion to Stay Proceedings at 1-2.  Plaintiff does not specify the duration of the stay she seeks.

The Court denies Plaintiff Motion to Stay Proceedings.  The Court and the Parties have a responsibility to construe and administer the Federal Rule of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Plaintiff has not explained how a stay will help the Court and Parties save time and effort.  *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 5, 2025, is **GRANTED.**

(ii)    Plaintiff's Motion to Grant NextGen CM/ECF Registration, Doc. 4, filed May 5, 2025, is **GRANTED.**

(iii)    Plaintiff shall, within 21 days of entry of this Order, show cause the Court should not: (a) deny Plaintiff's Motion to seal the proceedings in this case; and (b) unseal the documents Plaintiff has filed in this case and make them accessible to the public. Failure to timely show cause may result in the Court denying Plaintiff's Motion to seal the proceedings in this case and unsealing the documents.

(iv)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(v)    Plaintiff's Motion to Stay Proceedings, Doc. 6, filed May 5, 2025, is **DENIED.**

**UNITED STATES MAGISTRATE JUDGE**