IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORETTA F. BOYD,

    Plaintiff,

v.                                                                                            No. 1:25-cv-00422-SCY

PLANET FITNESS, NEW MEXICO SPORTS
AND WELLNESS (HIGHPOINT), KELLY
EDUCATION, ALBUQUERQUE PUBLIC
SCHOOLS, and GREYSTAR PROPERTY
MANAGEMENT,

    Defendants.

## ORDER DENYING MOTIONS TO SEAL PROCEEDINGS

*Pro se* Plaintiff filed six documents and restricted access to those documents to "Case Participants" which deprives the public of access to those documents. *See* Doc's 1-6, filed May 5, 2025. Plaintiff has moved to seal these proceedings on the grounds that Defendants' alleged "acts are in association with retaliation for plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division" and "Plaintiff believes the intention of the engaged former and new defendants is to further inflict public defamatory and retaliatory harm upon plaintiff's pers as evidenced and poses threats inclusive of a potentials of imminent danger." Motion to Seal at 2, Doc. 5, filed May 5, 2025.

The Court notified Plaintiff:

> There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*,

> 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document"); *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).
>
> *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]"). Plaintiff's vague statement regarding retaliation and intent to defame Plaintiff does not show a real and substantial interest that justifies depriving the public of access to these proceedings.

Order to Show Cause Regarding Motion to Seal This Case, Doc. 8 at 3-4, filed May 6, 2025 ("Order to Show Cause"). The Court ordered Plaintiff to show cause why the Court should not: (i) deny Plaintiff's Motion to seal the proceedings in this case; and (ii) unseal the documents Plaintiff has filed in this case and make them accessible to the public. *See* Order to Show Cause at 8.

Plaintiff did not file a response to the Order to Show Cause but has filed two additional Motions to Seal which appear to be identical. *See* Motion to Seal, Doc. 12, filed May 24, 2025 ("Second Motion to Seal"); Motion to Seal, Doc. 13, filed May 24, 2025 ("Third Motion to Seal"). Plaintiff filed her Second and Third Motions to Seal and two other Motions with access to those documents restricted to "Case Participants" thereby depriving the public of access to those documents. *See* Motion to Stay Proceedings, Doc. 11, filed May 24, 2025; Motion for a copy of

All the Defendant Summons and Service for Case File 1:25-cv-00422-SCY, Doc. 14, filed June 26, 2025.

Plaintiff seeks to seal this proceeding and "shows cause as associated with confirmed, evidenced and continued acts of public, workplace, employment seeking, domicile and community harassment." Third Motion to Seal at 2. Plaintiff references the following: (i) monitoring of Plaintiff via air surveillance to track her position; (ii) her "current domicile as reported being entered into without authorization and damage and as reported to current property management;" and (iii) Plaintiff "was notified that her position was in jeopardy, and she would be watched over the next couple of weeks." Third Motion to Seal at 3-4. Plaintiff also states:

> Plaintiff believes these acts are in association with retaliation for Plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division [Exhibit E]. Plaintiff believes the intention of the engaged former and new defendants is to further inflict public defamatory and retaliatory harm upon Plaintiff's person as evidenced and poses threatens inclusive of a potentials of imminent danger.
>
> This case, and prior related case files and proceedings[Exhibit E], have imposed significant hardships on the Plaintiff.

Third Motion to Seal at 4.

The Court denies Plaintiff's Motions to seal this case. The only interest Plaintiff identifies to justify sealing this case is her interest in avoiding future defamatory and retaliatory harm by the Defendants. Plaintiff has not explained how sealing this case from the public will protect that interest. Furthermore, Plaintiff seeks damages and injunctive relief from past *and* future harms cause by Defendants including discrimination, retaliation, defamation and other harms. *See* Amended Complaint at 56-59, Doc. 10, filed May 24, 2025 (stating "Plaintiff seeks protection and/or protective orders of the information contained herein, in the interest of all, and in an effort to actually have some level of justice permeate this debacle"). The factual allegations in the

Amended Complaint and other documents in this case are central to the resolution of Plaintiff's claims. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (sealing confidential documents did not outweigh the public interest in access to those documents due to the centrality of the documents to the adjudication of the case).

**IT IS ORDERED** that:

(i)  Plaintiff's original Motion to Seal, Doc. 5, filed May 5, 2025, is **DENIED.**

(ii)  Plaintiff's second Motion to Seal, Doc. 12, filed May 24, 2025, is **DENIED.**

(iii)  Plaintiff's third Motion to Seal, Doc. 13, filed May 24, 2025, is **DENIED.**

(iv)  The Clerk remove the restriction on the following documents and make the documents accessible to Defendants and the public:

   (a)  Plaintiff's Civil Rights Complaint, Doc. 1, filed May 5, 2025;

   (b)  Plaintiff's Motion for Leave to Proceed in forma pauperis, Doc. 2, filed May 5, 2025;

   (c)  Plaintiff's CM/ECF Pro Se Notification Form, Doc. 3, filed May 5, 2025;

   (d)  Plaintiff's Motion to Grant NextGen CM/ECF Registration, Doc. 4, filed May 5, 2025.

   (e)  Plaintiff's original Motion to Seal, Doc. 5, filed May 5, 2025;

   (f)  Plaintiff's Motion to Stay Proceedings, Doc. 6, filed May 5, 2025;

   (g)  Plaintiff's "test" Complaint, Doc. 9, filed May 23, 2025;[1]

   (h)  Plaintiff's Amended Complaint, Doc. 10, filed May 24, 2025;

   (i)  Plaintiff's Motion to Stay Proceedings, Doc. 11, filed May 24, 2025;

   (j)  Plaintiff's Motion to Seal, Doc. 12, filed May 24, 2025;

---

[1] Plaintiff filed Doc. 9 as a "test page" prior to filing an amended complaint.

(k) Plaintiff's Motion to Seal, Doc. 13, filed May 24, 2025; and

(l) Plaintiff's Motion for a copy of All the Defendant Summons and Service for Case File 1:25-cv-00422-SCY, Doc. 14, filed June 26, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**