IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORETTA F. BOYD,

    Plaintiff,

v.   No. 1:25-cv-00422-SCY

PLANET FITNESS, NEW MEXICO SPORTS
AND WELLNESS (HIGHPOINT), KELLY
EDUCATION, ALBUQUERQUE PUBLIC
SCHOOLS and GREYSTAR PROPERTY
MANAGEMENT,

    Defendants.

## ORDER FOR SECOND AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, asserted civil rights, discrimination and state-law claims alleging:

> This case, as related to prior litigation [in the United States District Court for the Southern District of Louisiana] has and is being intentionally inflicted upon her, with malice, and coerced by means of exercises aligned with entrapping her into not limited to, company, community, government platforms, agendas and initiatives, by means of intimidation, coercion and harassment as well as forcer her to stay in the demographic, while being overtly and covertly assaulted and exploited for the gain of the defendants.

Civil Rights Complaint, Human Rights Complaint, Title VII Discrimination Complaint, Tort Claims Act [and] Continued Wrong Doctrine at 3-4, Doc. 1, filed May 5, 2025 ("Complaint").

For each of her eight claims, Plaintiff stated:

> Plaintiff believes these acts are in association with retaliation for plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division. Plaintiff believes the intention of the engaged former and new defendants are to further inflict public defamatory and retaliatory harm upon plaintiff's person as evidenced and poses threats inclusive of a potential of imminent danger.

Complaint at 5-9. Plaintiff did not describe the acts giving rise to her claims.

The Court notified Plaintiff:

The Complaint should be dismissed for failure to state a claim because there are no factual allegations describing what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed and what specific legal rights Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff states she "believes [Defendants'] acts are in association with retaliation for plaintiffs' previous case filing in the United States District Court Southern District of Indiana Indianapolis Division." Complaint at 5-8. Plaintiff's belief that Defendants' acts are retaliatory, without supporting factual allegations, is not sufficient to state a plausible claim.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

Order to Show Cause at 4-5, Doc. 8, filed May 6, 2025. The Court ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint and ordered that "The amended complaint must describe what each Defendant did to Plaintiff, when each Defendant did it and what specific legal right Plaintiff believes each Defendant violated." Order to Show Cause at 5.

Plaintiff filed a 60-page Amended Complaint asserting eight claims pursuant to federal law and pursuant to the state law of Indiana and New Mexico. *See* Amended Complaint at 2, Doc. 10, filed May 24, 2025. Those claims include:

(a) Claim I: Conspirator Intentional Tort Interference with an Economic Advantage Inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 4.[1]

(b) Claim II: Invasion of Privacy (1) Intrusion Upon Seclusion and (2) False Light (3) Public Disclosure and Staged Acts for Continued Harassment (4) Appropriation Inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 27.[2]

---

[1]
 To establish a claim of intentional interference with contractual relations, a party must prove five elements: (1) the defendant had "knowledge of the contract between [the plaintiff] and the corporation[;] (2) performance of the contract was refused[;] (3) [the defendant] played an active and substantial part in causing [the plaintiff] to lose the benefits of his [or her] contract[;] (4) damages flowed from the breached contract[;] and (5) [the defendant] induced the breach without justification or privilege to do so."

*Fogelson v. Wallace*, 2017-NMCA-089, ¶ 62.

[2]
 New Mexico recognizes the tort of invasion of privacy, which is broken down into four categories: "false light, intrusion, publication of private facts, and appropriation." *Andrews*, 1995-NMCA-015, ¶ 58. "False light invasion of privacy is a close cousin of defamation." *Id.* ¶ 59 (internal quotation marks and citation

3

(c) Claim III: Retaliation for Filing a Title VII and Retaliatory Discharge Claim as associated with plaintiff's FCA Claim previous filing and as protected under Public Policy, resulting in public pursuits of demographic platform interest inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 39.[3]

(d) Claim IV: Employment Discrimination and Disparate Treatment in violation of Title VII of the Civil Rights Movement and Retaliation in Violation of Public Policy inclusive of the Continued Wrong Doctrines. Amended Complaint at 45.[4]

---

omitted); *see Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 719 (10th Cir. 2000) (distinguishing defamation from false light invasion of privacy by noting that in a defamation action recovery is sought primarily for injury to one's reputation while in a false light action it is the injury to the person's own feelings). A false light plaintiff is required to prove three things: (1) that the plaintiff was portrayed in a false light, i.e., "the matter published concerning the plaintiff is not true[,]" Restatement (Second) of Torts § 652E cmt. a; (2) that the false portrayal would be highly offensive to a reasonable person such that the plaintiff would be "justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity[,]" Restatement (Second) of Torts § 652E cmt. c; and (3) that the publisher "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Restatement (Second) of Torts § 652E(b).

*Young v. Wilham*, 2017-NMCA-087, ¶ 57.

[3] *See McNellis v. Douglas County School District*, 116 F.4th 1122, 1139, 1142 (10th Cir. 2024) ("a plaintiff asserting a Title VII retaliation claim must plausibly allege (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action").

[4] *See McNellis v. Douglas County Sch. Dist.*, 116 F.4th 1122, 1139 (10th Cir. 2024) ("a Title VII plaintiff bringing a claim of employment discrimination must plausibly allege these elements: (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination").

    (e)       Claim V: Blacklisting and Collusion inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 47.[5]

    (f)       Claim VI: Title VII, False Claims and Whistleblower Protection Acts. Employer Stalking, Harassment, Overt and Cover Assaults inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 48.

    (g)      Claim VII: Violations of Plaintiff's Basic Human Rights as related to claims Represented herein and inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 50.[6]

    (h)      Claim VIII: Intentional Infliction of Emotional Distress inclusive of the Continued Wrong Doctrines and Retaliation. Amended Complaint at 51.[7]

---

[5] To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 28; *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means").

[6] *See Chen v. Ashcroft*, 85 F. App'x 700, 705 (10th Cir. 2004) ("the Universal Declaration of Human Rights is merely a resolution of the United Nations, and the American Declaration of the Rights and Duties of Man and American Declaration of Human Rights are simply multinational declarations; none is binding on the United States or on this court").

[7] The elements of an intentional infliction of emotional distress ("IIED") claim are:

> (1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress.

*Baldonado v. El Paso Natural Gas Co.*, 2008-NMCA-010, ¶ 23 (quoting *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 25 ("The Restatement describes extreme and outrageous conduct as that which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (quoting Restatement (Second) of Torts § 46 cmt. D)); and *id.* ("Severe emotional distress means that 'a reasonable person, normally constituted, would be unable to

The Amended Complaint, for the reasons that follow, does not give Defendants fair notice of which claims Plaintiff is asserting against each Defendant and the grounds upon which each claim rests. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

First, the Amended Complaint is 60 pages. *See Lowrey v. Sandoval County Children Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made"); *United States v. Celio*, 388 F. App'x 758, 761 (10th Cir. 2010) ("[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings that are wordy and unwieldy, and district judges have their task made immeasurably more difficult by pleadings that are rambling.") (internal alterations omitted) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.*

Second, many of Plaintiff's allegations are vague and do not identify which, if any, of the Defendants committed the acts she alleges occurred. For example, Plaintiff alleges:

---

cope adequately with the mental distress engendered by the circumstances.'") (quoting *Jaynes v. Strong-Thorne Mortuary, Inc.*, 1998-NMSC-004, ¶ 20)).

> Throughout Plaintiff's time in Albuquerque, Plaintiff['s] person has been overtly and covertly stalked, harassed, biometrically and reputationally maligned, while perpetrating defendants, new and as aligned with the former defendants and causes of actions retaliatorily, duplicated in such an egregious way, as to exploit the engagement of her person for business and what appears to be personal career and corporate gains or government subsidized benefits in a manner resembling an effort of business perks and legislative racketeering.

Amended Complaint at 47, ¶ 5; *see also id.* at 39-40, ¶¶ 1-3; *id.* at 47, ¶¶ 1-4; *id.* at 52-52, ¶¶ 3-6; *id.* at 54, ¶¶ 8-11. The Amended Complaint also does not clearly indicate which of the eight claims are asserted against each Defendant.

Third, several of the paragraphs are not numbered. *See*, *e.g.*, *id.* at 25 (four unnumbered paragraphs). Other paragraphs are designated with non-unique numbers, for example, there are 10 paragraphs labeled "1." The Amended Complaint repeats several allegations. *See id.* at 5, ¶ 2; *id.* at 27, ¶ 2; *id.* at 39, ¶ 2; *id.* at 45, ¶ 2; *id.* at 47, ¶ 2; *id.* at 51, ¶ 2; *id.* at 51-52, ¶ 2.

The Court orders Plaintiff to file a second amended complaint and provides the following explanations regarding the format of the amended complaint.

The second amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). It is helpful if a complaint includes a section for each defendant that sets forth the factual allegations regarding that defendant. The second amended complaint must clearly identify which claims Plaintiff is asserting against each Defendant. The second amended complaint does not need to repeat factual allegations in each claim; the second amended complaint may incorporate previous factual allegations by reference.

The second amended complaint must set forth Plaintiff's allegations in uniquely numbered paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Rule 8 of the Federal Rules of Civil Procedure requires that Defendants "must admit or deny the allegations asserted against" them by Plaintiff. Fed. R. Civ. P. 8(b)(1)(B). Uniquely numbered paragraphs facilitate the identification of which paragraphs Defendants admit and which paragraphs they deny.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file an amended complaint that complies with the guidance in this Order may result in dismissal of this case. The second amended complaint must comply with the Federal and Local Rules of Civil Procedure.

_____
**UNITED STATES MAGISTRATE JUDGE**