IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORETTA F. BOYD,

    Plaintiff,

v.  No. 1:25-cv-00422-SCY

PLANET FITNESS; NEW MEXICO
SPORTS AND WELLNESS (HIGHPOINT);
KELLY EDUCATION; ALBUQUERQUE
PUBLIC SCHOOLS; and GREYSTAR
PROPERTY MANAGEMENT,

    Defendants.

## ORDER REGARDING PENDING MOTIONS AND
## ORDER TO SHOW CAUSE REGARDING RESTRICTED DOCUMENTS

*Pro se* Plaintiff filed her original Complaint in this case on May 5, 2025. Doc. 1. Plaintiff filed an Amended Complaint on May 24, 2025 (Doc. 10) pursuant to the Court's Order to Show Cause (Doc. 8). Plaintiff filed a Second Amended Complaint on November 24, 2025 (Doc. 21) pursuant to the Court's Order to File a Second Amended Complaint (Doc. 20).

### Motion to Stay Proceedings

Plaintiff sought an order to stay proceedings associated with Claims III, IV and VI in her original and Amended Complaint for a period of 90 days pending investigative and/or mediative efforts of the EEOC. *See* Motion to Stay Proceedings, Doc. 11, filed May 24, 2025. The Court denies the Motion to Stay Proceedings as moot because the 90-day period ended on August 24, 2025.

### Motions Regarding Entry of Right to Sue

Plaintiff filed two documents stating she has received "her Right to Sue from EEOC/HRB" and "the second Right to Sue from the USEEOC Phoenix District Office." Doc.

18, filed October 3, 2025; Doc. 22, filed December 2, 2025. Plaintiff filed the two documents as motions. The Court denies the two motions regarding entry of right to sue because they do not request any relief from the Court. *See* D.N.M.LR-Civ. 7.1(a) ("A motion must . . . state with particularity the grounds and the relief sought").

## Motions for Entry of Default Judgment and for Service

Plaintiff moves for entry of default and/or default judgment based on Defendants' failure to appear, plead, or otherwise defend. Doc. 16, filed July 30, 2025 (the Motion's title requests "Clerk's Entry of Default Judgment;" page 3 of the Motion requests that "the clerk of court enter default"). The Court denies Plaintiff's motion for default/default judgment without prejudice because Defendants have not yet been served. Plaintiff may renew her motion for default/default judgment if any Defendant does not timely respond after being served by the Court.

Plaintiff requests that the Court serve Defendants. Doc. 14, filed June 26, 2025. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint and notified Plaintiff that the Court will address service after the Order to Show Cause is resolved. Doc. 8. The Court later ordered Plaintiff to file a second amended complaint. Doc. 20. Plaintiff filed her Second Amended Complaint on November 24, 2025. The Court denies Plaintiff's motion for service without prejudice. The Court will address service after it completes its review of the Second Amended Complaint.

## Motion to Update and Amend Nomenclature

Plaintiff requests that "the following nomenclature be updated and amended as noted in claims III, IV and VI against Ignite Fitness Holdings and associated with, not limited to where

2

applicable, 1:25-cv-00422-SCY Dkt. 10 and/or 11 to HRB# 25-03-270-S, EEOC 39B-2025-00190." Doc. 19, filed October 3, 2025. Document 10 is Plaintiff's Amended Complaint and Document 11 is Plaintiff's Motion for Entry of Default Judgment. The Court denies Plaintiff's motion to update and amend nomenclature as moot because Plaintiff has since filed a Second Amended Complaint and the Court is denying Plaintiff's motion for entry of default judgment. *See Franklin v. Kansas Dept. of Corrections*, 160 F. App'x 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

### Motion to Expedite Rulings on Pending Motions

Plaintiff requests "a ruling and/or status on all Motions" filed in this case. Doc. 17, filed August 26, 2025. The Court, having ruled on all the pending motions in this case, denies Plaintiff's motion to expedite rulings as moot.

### Order to Show Cause Regarding Restricted Documents

Plaintiff electronically filed several documents and restricted those documents to "Case Participants" which restricts the public's access to those documents. *See* Doc's 16-19, 21-22.

> There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document"); *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption

3

> in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " (quoting *Sacchi v. IHC Health Servs.*, *Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).

*McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022). Plaintiff has not shown a real and substantial interest that justifies depriving the public of access to Documents 16-19 and 21-22. The Court orders Plaintiff to show cause why the Court should not make Documents 16-19 and 21-22 available to the public.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Stay Proceedings, Doc. 11, filed May 24, 2025, is **DENIED.**

(ii) Plaintiff's Entry of Right to Sue – Ignite Fitness Holdings Planet Fitness, Doc. 18, filed October 3, 2025, is **DENIED.**

(iii) Plaintiff's Entry of Second Right to Sue – Ignite Fitness Holdings Planet Fitness, Doc. 22, filed December 2, 2025, is **DENIED.**

(iv) Plaintiff's Motion for Request for Clerk's Entry of Default Judgment, Doc. 16, filed July 30, 2025, is **DENIED without prejudice.**

(v) Plaintiff's Motion for a Copy of All the Defendant Summons and Service for Case File 1:25-cv-00422-SCY, Doc. 14, filed June 26, 2025, is, **DENIED.**

(vi) Plaintiff's Motion to Update and Amend Nomenclature pursuant to FRCP 60(a) upon receipt from NMHRB and EEOC, Doc. 19, filed October 3, 2025, is **DENIED.**

(vii) Plaintiff's Motion to Expedite a Ruling on Pending Motions Filed in Case File 1:25-cv-00422-SCY, Doc. 17, filed August 26, 2025, is **DENIED.**

4

(viii)   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not make Documents 16-19 and 21-22 available to the public. Failure to timely show cause may result in the Court granting the public access to the Documents 16-19 and 21-22.

_____
UNITED STATES MAGISTRATE JUDGE