**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NORETTA F. BOYD,

       Plaintiff,

v.                                                                      No. 1:25-cv-00422-SCY

PLANET FITNESS, NEW MEXICO SPORTS
AND WELLNESS (HIGHPOINT), KELLY
EDUCATION, ALBUQUERQUE PUBLIC
SCHOOLS and GREYSTAR PROPERTY
MANAGEMENT,

       Defendants.

**ORDER FOR THIRD AMENDED COMPLAINT**

Plaintiff, who is proceeding *pro se*, asserted civil rights, discrimination and state-law

claims alleging:

> This case, as related to prior litigation [in the United States District Court for the
> Southern District of Louisiana] has and is being intentionally inflicted upon her,
> with malice, and coerced by means of exercises aligned with entrapping her into
> not limited to, company, community, government platforms, agendas and
> initiatives, by means of intimidation, coercion and harassment as well as force her
> to stay in the demographic, while being overtly and covertly assaulted and
> exploited for the gain of the defendants.

Civil Rights Complaint, Human Rights Complaint, Title VII Discrimination Complaint, Tort

Claims Act [and] Continued Wrong Doctrine at 3-4, Doc. 1, filed May 5, 2025 ("Complaint").

Plaintiff did not describe the acts giving rise to her claims.

The Court notified Plaintiff the Complaint should be dismissed for failure to state a claim

because there are no factual allegations describing what each Defendant did to Plaintiff, when

each Defendant did it, how each Defendant's actions harmed Plaintiff and what specific legal

rights Plaintiff believes each Defendant violated. *See* Order to Show Cause at 4-5, Doc. 8, filed

May 6, 2025 (describing the *Nasious* and *Iqbal/Twombly* standards for stating a plausible claim). The Court ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint.  *See* Order to Show Cause at 5, 8.

Plaintiff filed a 60-page Amended Complaint asserting eight claims pursuant to federal law and pursuant to the state law of Indiana and New Mexico.  *See* Amended Complaint at 2, Doc. 10, filed May 24, 2025.

The Court notified Plaintiff that the Amended Complaint does not give Defendants fair notice of which claims Plaintiff is asserting against each Defendant and the grounds upon which each claim rests because:

(i)    The Amended Complaint is 60 pages which makes it difficult to determine precisely what material facts support the various claims made.

(ii)    Many of Plaintiff's allegations are vague and do not identify which, if any, of the Defendants committed the acts she alleges occurred and the Amended Complaint does not clearly indicate which of the eight claims are asserted against each Defendant.

(iii)    Several of the paragraphs are not numbered.

*See* Order for Second Amended Complaint at 6-7, Doc. 20, filed November 3, 2025.  The Court ordered Plaintiff to file a second amended complaint and notified Plaintiff:

(i)    The second amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  The second amended complaint must clearly identify which claims Plaintiff is asserting against each Defendant.  The second amended complaint does not need

to repeat factual allegations in each claim; the second amended complaint may incorporate previous factual allegations by reference.

(ii)    The second amended complaint must set forth Plaintiffs' allegations in uniquely numbered, paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Rule 8 of the Federal Rules of Civil Procedure requires that Defendants "must admit or deny the allegations asserted against" them by Plaintiff. ed. R. Civ. P. 8(b)(1)(B). Uniquely numbered paragraphs facilitate the identification of which paragraphs Defendants admit and which paragraphs they deny.

Order for Second Amended Complaint at 7-8.

Plaintiff filed a 40-page Second Amended Complaint which she also titles "Plaintiff's Memorandum in Reply to District Court[']s Request for A Second Amended Complaint." *See* Second Amendeded [sic] Complaint, Doc. 21, filed November 24, 2025. The Second Amended Complaint is essentially Plaintiff's "assessment" which disputes the Court's reasons for ordering Plaintiff to file a Second Amended Complaint. Plaintiff states she "has submitted as an exhibit, a second amended complaint, for each defendant named." Second Amended Complaint at 39. Each of the five second amended complaints are 57-58 pages and appear to be in large part identical. Furthermore, each of the paragraphs are not uniquely numbered; some paragraphs are not numbered and Plaintiff begins numbering the paragraphs for each of the eight claims with the number 1.

The Court does not construe Plaintiff's filing as objections to a magistrate judge's order under Federal Rule of Civil Procedure 72(a) because the filing is titled "Second Amended Complaint" and did not comply with the time limit in Rule 72(a). The Court hereby notifies

3

Plaintiff that if she wishes to file objections to this order to be considered by a district judge, she must title or otherwise describe her filing as "objections" and must file it within 14 days of the date of this Order. Failure to do so will result in waiving any objections.

Construing the filing as a Second Amended Complaint, however, leads to the conclusion that it is not a complaint which complies with the previous court order. Therefore, the Court orders Plaintiff to file a single third amended complaint not exceeding 50 pages. The third amended complaint must contain uniquely numbered paragraphs and must clearly identify which claims Plaintiff is asserting against each Defendant. The Court reminds Plaintiff of the *Nasious* and *Iqbal/Twombly* standards for stating a plausible claim:

> ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277,

4

1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file a third amended complaint. Failure to timely file a third amended complaint that complies with this Order may result in dismissal of this case. The third amended complaint must comply with the Federal and Local Rules of Civil Procedure.

_____
**UNITED STATES MAGISTRATE JUDGE**