**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NORETTA F. BOYD,

      Plaintiff,

v.                                  No. 1:25-cv-00422-SCY

PLANET FITNESS,
NEW MEXICO SPORTS AND WELLNESS (HIGHPOINT),
KELLY EDUCATION,
ALBUQUERQUE PUBLIC SCHOOLS and
GREYSTAR PROPERTY MANAGEMENT,

      Defendants.

**SECOND ORDER REMOVING RESTRICTIONS ON DOCUMENTS,
ORDER DENYING MOTION TO SEAL CASE,
THIRD ORDER TO SHOW CAUSE,
ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND ORDER REGARDING DIVERSITY JURISDICTION**

*Pro se* Plaintiff filed six documents, including a motion to seal these proceedings, and

restricted access to those documents to "Case Participants" which deprives the public of access

to those documents.  *See* Doc's 1-6, filed May 5, 2025.

The Court notified Plaintiff:

> There is a longstanding common-law right of public access to
> judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302
> (10th Cir. 2013). This right "is fundamental to the democratic
> state" and preserves "the integrity of the law enforcement and
> judicial processes" by allowing the public to see how courts make
> their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th
> Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293,
> 315 (D.C. Cir. 1980), and then quoting *United States v. Hickey*,
> 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not
> absolute, but the party seeking to seal a judicial record must show
> "some significant interest that outweighs" the public interest in
> access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th
> Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th
> Cir. 2007)). This burden is "heavy," and sealing is appropriate only

> when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document"); *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)).

> *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]").  Plaintiff's vague statement regarding retaliation and intent to defame Plaintiff does not show a real and substantial interest that justifies depriving the public of access to these proceedings.

Order to Show Cause Regarding Motion to Seal This Case, Doc. 8 at 3-4, filed May 6, 2025 ("First Order to Show Cause").  The Court ordered Plaintiff to show cause why the Court should not deny Plaintiff's motion to seal the proceedings in this case and unseal the documents Plaintiff has filed and make them accessible to the public.  *See* First Order to Show Cause at 4.  After Plaintiff filed two additional, apparently identical, motions to seal, and four other documents, all restricted to "Case Participants," the Court denied Plaintiff's motions to seal and ordered the Clerk to remove the restrictions from the 12 restricted documents.  *See* Order Denying Motions to Seal Proceedings at 4-5, Doc. 15, filed July 1, 2025.

Plaintiff subsequently filed six additional documents and restricted access to those documents to "Case Participants" which deprives the public of access to those documents.  *See* Doc. 16, July 30, 2025; Doc. 17, filed August 26, 2025; Doc. 18, filed October 3, 2025; Doc. 19, filed October 3, 2025; Doc. 21, filed November 24, 2025; Doc. 22, filed December 2, 2025.  The Court ordered Plaintiff to show cause why the Court should not make those six additional

2

documents accessible to the public. *See* Second Order to Show Cause at 4, Doc. 23, filed February 12, 2026.

Plaintiff has failed to show cause why the Court should not make those six additional documents accessible to the public. First, Plaintiff asserts "invasion of privacy and warranted privacy concerns" are real and substantial interests that justify depriving the public of access to those documents. Reply at 9, Doc. 25, filed February 28, 2026. Plaintiff cites 11 paragraphs in the First Amended Complaint that "overwhelmingly satisfied this requirement." Reply at 9. Those paragraphs make general references to "invasion of privacy" but do not contain otherwise private information.

Second, Plaintiff asserts that "national security and state secrets" and "trade secrets and proprietary business information" are real and substantial interests that justify depriving the public of access to those documents. Reply at 10-12. Plaintiff cites over 40 statements in the First Amended Complaint that "overwhelmingly satisfied this requirement." Reply at 10-12. None of the cited statements contain national security and state secrets or trade secrets and proprietary business information.

Third, Plaintiff asserts the right to a fair trial justifies depriving the public of access to the documents but does not explain why public access to the documents would deprive Plaintiff of a fair trial. *See* Reply at 13-14.

Fourth, Plaintiff asserts that "privacy interests of a person's personnel file" justifies depriving the public of access to the documents and cites several portions of the First Amended Complaint. *See* Reply at 14-15. None of the cited portions of the First Amended Complaint set forth private information in Plaintiff's personnel files.

3

Finally, Plaintiff's reference to portions of the First Amended Complaint does not justify depriving the public access to any portions of the six additional documents at issue. *See* Motion for Entry of Default Doc. 16, filed July 30, 2025; Motion to Expedite Ruling on Pending Motions, Doc. 17, filed August 26, 2025; Entry of Right to Sue, Doc. 18, filed October 3, 2025; Motion to Update and Amend Nomenclature, Doc. 19, filed October 3, 2025; Second Amended Complaint, Doc. 21, filed November 24, 2025; Entry of Second Right to Sue, Doc. 22, filed December 2, 2025. It is Plaintiff's burden to demonstrate a real and substantial interest that justifies depriving the public of access to the documents and the Court cannot carry this burden for Plaintiff. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). Accordingly, the Court has not engaged in a review of these documents to independently assess whether some justification for keeping them under seal might exist.

For the above stated reasons, the Court orders the Clerk to remove the restrictions on the six documents at issue in this Order and to make the documents accessible to the public.

**Order Denying Motion to Seal Case**

Plaintiff attached a Motion to Seal to her Reply to the Second Order to Show Cause. *See* Motion to Seal, Doc. 25-2, filed February 28, 2026. Plaintiff moves to seal this case because she has experienced "continued acts of public, workplace, employment seeking, domicile and community harassment" including "monitoring via air surveillance . . . to track her position. Air traffic protocols would presume a notification of state and/or agency as a requirement to operate," Plaintiff's domicile "being entered into without authorization and damaged," and "knowledge of Plaintiff's employment ending … as represented by a fire being set on a fence …

4

and paramedics/agency vehicle arrived to assist the circumstances" and executive management notifying Plaintiff that "her position was in jeopardy, and she would be watched over the next couple of weeks." Motion to Seal at 2-4. Plaintiff states she "believes these acts are in association with retaliation for Plaintiff's previous case filing in the United States District Court Southern District of Indiana Indianapolis Division" and "believes the intention of the engaged former and new defendants is to further inflict public defamatory and retaliatory harm upon Plaintiff's person as evidenced and poses threats inclusive of a potentials of imminent danger." [sic] Reply at 4. Plaintiff does not explain how depriving the public of access to the documents filed in this case will prevent alleged retaliation by "former and new defendants." The Court, therefore, denies Plaintiff's Motion to Seal this case.

**Third Order to Show Cause**

Plaintiff has since filed four more documents restricted to "Case Participants." *See* Plaintiff's Reply, Doc. 25, filed February 28, 2026; Third Amended Complaint, Doc. 26, filed March 5, 2026; Errata, Doc. 27, filed March 14, 2026, Motion for Clerk's Entry of Default, Doc. 28, filed May 8, 2026. The Court orders Plaintiff to show cause why the Court should not unseal Documents 25-28 and make them accessible to the public.

The Court notifies Plaintiff that if she continues to file documents restricted to "Case Participants" without showing a real and substantial interest that justifies depriving the public of access to the document, the Court may impose sanctions including revocation of Plaintiff's electronic filing privilege, filing restrictions and dismissal of this case.

**Order Denying Motion for Entry of Default Judgment**

Plaintiff moves "for Entry of Default Judgment against the Defendants" and "requests the clerk of court assess the case status and enter default against the Defendants."  Motion for Request for Clerk's Entry of Default Judgment, Doc. 28, filed May 8, 2026.

The Court denies Plaintiff's Motion for entry of default judgment as premature.  The Court may only enter default and default judgment after a defendant fails to plead or otherwise defend.  *See* Fed. R. Civ. P. 55.  The Court has not notified Defendants of this lawsuit.  The Court previously notified Plaintiff:

> Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

First Order to Show Cause at 6.  The Court has not resolved the Order to Show Cause.  The Court will address service after the Court completes its review of Third Amended Complaint.

**Order Regarding Diversity Jurisdiction**

Plaintiff asserts the Court has federal question over this action because she is bringing it pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e-5.  *See* Third Amended Complaint at 3, Doc. 26, filed March 5, 2026.  It also appears Plaintiff is asserting the Court has diversity jurisdiction over this action because she states "I, Noretta F. Boyd, am a citizen of and is a resident of Indiana, and presently resides in Albuquerque, NM," provides a New Mexico address for each Defendant and seeks an award of damages "in an amount exceeding $75,000."   Third Amended Complaint at 2, 49; *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between [] citizens of different States"). Plaintiff, who apparently has resided in New Mexico since September 2022, also states that she "was employed by both [Defendants]

Planet Fitness and Kelly Education in Indiana and New Mexico." Third Amended Complaint at 3 (stating "Plaintiff was an employee of the defendant, Planet Fitness – Eubank in Albuquerque NM from September 2022 through May of 2023").

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

If Plaintiff is asserting the Court has diversity jurisdiction over this action, Plaintiff must file a supplement to the Third Amended Complaint alleging facts regarding her citizenship and the citizenship of all Defendants, including Planet Fitness and Kelly Education who employed her in Indiana. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed").

> When assessing the citizenship of a person, we look to the individual's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."). And "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). Or, in other words, domicile consists of "reside[nce]" plus an "inten[t] to remain there indefinitely." *Middleton*, 749 F.3d at 1200.

*ADA Carbon Solutions (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025).

7

We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [*Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

*Id.* (internal quotation marks omitted). Although a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").

*Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, *3-4 (10th Cir.).  A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). A limited liability company ("LLC"), on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company); *see also* NMSA § 53-19-7 (an LLC is an association of persons).  Plaintiff's supplement regarding her citizenship must include allegations regarding: (i) which state issued Plaintiff's driver's license and automobile registration,; (ii) where Plaintiff is registered to vote; (iii) where Plaintiff's personal and real property is located; (iv) the location of the banks where Plaintiff has accounts; (v) where Plaintiff pays state income taxes; and (vi) any other information related to her citizenship/domicile.

8

If Plaintiff is not asserting the Court has diversity jurisdiction over this action, Plaintiff must file a supplement to the Third Amended Complaint stating she is not asserting the Court has diversity jurisdiction.

**IT IS ORDERED** that:

(i)     The Clerk remove the restrictions on the following documents and make the documents accessible to the public:

(a)     Motion for Entry of Default, Doc. 16, July 30, 2025;

(b)     First Motion to Expedite a Ruling on Pending Motions, Doc. 17, filed August 26, 2025;

(c)     First Motion for Order Entry of Right to Sue Ignite Fitness Holdings Planet Fitness LLC, Doc. 18, filed October 3, 2025;

(d)     Motion to Update and Amend Nomenclature, Doc. 19, filed October 3, 2025;

(e)     Second Amended Complaint, Doc. 21, filed November 24, 2025; and

(f)     Second Motion for Order Right to Sue, Doc. 22, filed December 2, 2025.

(ii)    Plaintiff's Motion to Seal, Doc. 25-2, filed February 28, 2026, is **DENIED.**

(iIi)   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not remove the restrictions and make the following documents accessible to the public:

(a)     Plaintiff's Reply, Doc. 25, filed February 28, 2026;

(b)     Third Amended Complaint, Doc. 26, filed March 5, 2026; and

(c)     Errata, Doc. 27, filed March 14, 2026.

(d)    Second Motion for Clerk's Entry of Default Judgment, Doc. 28, filed May

8, 2026.

Failure to timely show cause may result in the Court removing the restrictions and

making the documents accessible to the public.

(iii)    Plaintiff's Motion for Request for Clerk's Entry of Default Judgment, Doc. 28,

filed May 8, 2026, is **DENIED without prejudice.**

(iv)    Plaintiff shall, within 21 days of entry of this Order, file a supplement to the Third

Amended Complaint indicating whether she is asserting the Court has diversity

jurisdiction over this action.

**UNITED STATES MAGISTRATE JUDGE**

10