**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NORETTA F. BOYD,

Plaintiff,

v. No. 1:25-cv-00422-SCY

PLANET FITNESS,
NEW MEXICO SPORTS AND WELLNESS (HIGHPOINT),
KELLY EDUCATION,
ALBUQUERQUE PUBLIC SCHOOLS and
GREYSTAR PROPERTY MANAGEMENT,

Defendants.

**ORDERS AND NOTICE**

This matter comes before the Court on *pro se* Plaintiff's Response to the Court's Third Order to Show Cause, Doc. 31, filed June 3, 2026 ("Response"), Plaintiff's Supplement to the Third Amended Complaint, Doc. 30, filed May 15, 2026, Plaintiff's Appendix/Supplement Motion for Inquiry Filing for Record, Doc. 34, filed August 3, 2026, Plaintiff's Second Motion to Supplement Complaint, Doc. 32, filed July 12, 2026 ("Second Motion"), and Plaintiff's Third Motion for Default Judgment, Doc. 33, filed July 12, 2026.

**Third Order Removing Restrictions on Documents**

After Plaintiff filed several documents and restricted access to those documents to "Case Participants" which deprives the public of access to those documents, the Court notified Plaintiff that sealing of documents is only appropriate when Plaintiff's interest in confidentiality is real and substantial and ordered Plaintiff to show cause why the Court should not unseal the documents. *See* First Order to Show Cause at 3-4, Doc. 8, filed May 6, 2025 (citing case law regarding the heavy burden to demonstrate a real and substantial interest that justifies depriving

the public of access to the records that inform the Court's decision-making process). The Court subsequently ordered the Clerk to remove the restrictions from the 12 restricted documents. *See* Order Denying Motions to Seal Proceedings at 4-5, Doc. 15, filed July 1, 2025.

Plaintiff subsequently filed six additional documents and restricted access to those documents to "Case Participants" which deprives the public of access to those documents. *See* Doc. 16, July 30, 2025; Doc. 17, filed August 26, 2025; Doc. 18, filed October 3, 2025; Doc. 19, filed October 3, 2025; Doc. 21, filed November 24, 2025; Doc. 22, filed December 2, 2025. The Court ordered Plaintiff to show cause why the Court should not make those six additional documents accessible to the public. *See* Second Order to Show Cause at 4, Doc. 23, filed February 12, 2026. After Plaintiff failed to show cause why the Court should not make those six additional documents accessible to the public, the Court ordered the Clerk to remove the restrictions on the six additional documents. *See* Second Order Removing Restrictions on Documents at 2-4, Doc. 29, filed May 13, 2026 (explaining why Plaintiff failed to demonstrate a real and substantial interest that justifies depriving the public of access to those documents).

Plaintiff later filed four more documents restricted to "Case Participants." *See* Plaintiff's Reply, Doc. 25, filed February 28, 2026; Third Amended Complaint, Doc. 26, filed March 5, 2026; Errata, Doc. 27, filed March 14, 2026, Motion for Clerk's Entry of Default, Doc. 28, filed May 8, 2026. The Court ordered Plaintiff to show cause why the Court should not unseal Documents 25-28 and make them accessible to the public. *See* Third Order to Show Cause at 5, Doc. 29, filed May 13, 2026.

Plaintiff states she "has shown a real, substantial and evidentiary interest, by not limited to, invasion of privacy, exploitation of her intellectual property, public, workplace, employer and

domicile participation in the efforts substantiating the claims." Response at 7, at 15-19 (addressing Doc's 25-28).

Plaintiff states Doc. 25 includes a statement that the public has had access to the case, that Plaintiff continues to endure community and workplace harassment and intellectual theft by coworkers, neighbors and the public, and that she believes these acts are in retaliation for Plaintiff's previous case filing in the United States District court for the Southern District of Indiana. *See* Response at 16. Plaintiff also states that Doc. 25 includes a reference to interests often cited in opposing a presumption of access, including privacy, national security and state secrets, trade secrets and proprietary business concerns. *See* Response at 16.

Plaintiff states Doc. 26 includes statements that Plaintiff has lost potential employment opportunities, has suffered public harassment, harassment related to her housing, and retaliatory invasion of her privacy. *See* Response at 17.

Regarding Doc. 27 and Doc. 28, Plaintiff refers to invasion of privacy, exploitation of her intellectual property and interests often cited in opposing a presumption of access including trade secrets and proprietary business concerns. *See* Response at 18-19 (in what appear to be typographical errors, Plaintiff refers to "Dkt. 25" rather than Doc. 27 and Doc. 28). Plaintiff also states that Doc. 28 includes copies of certified mail return receipts for all Defendants. *See* Response at 19.

Plaintiff has failed to show cause why the Court should not make those four additional documents accessible to the public. Plaintiff asserts those documents make references to "invasion of privacy" but does not show that they contain private information. Plaintiff also asserts those documents refer to the interests of national security, state secrets, trade secrets and proprietary business concerns but does not show that they contain such information. The Court

has not reviewed the documents to determine whether there is a real and substantial interest that justifies depriving the public of access to the documents. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). The Court, therefore, orders the Clerk to remove the restrictions on those documents and make the documents accessible to the public.

**Fourth Order to Show Cause**

Plaintiff has since filed two more documents, one restricted to "Case Participants" and the other "Ex Parte." *See* Plaintiff's Supplement to the Third Amended Complaint, Doc. 30, filed May 15, 2026; Plaintiff's Appendix/Supplement Motion for Inquiry Filing for Record, Doc. 34, filed August 3, 2026. The Court orders Plaintiff to show cause why the Court should not unseal Documents 30 and 34 and make them accessible to the public.

**Order Regarding Motion to Supplement Complaint**

Plaintiff filed a document titled "Supplement to the Complaint, Completed EEOC and HRB Administrative Requirements." *See* Second Motion, Doc. 32. Plaintiff states she "files this supplement to the Complaint to record the completed EEOC and HRB requirements" and "All defendants have received the Third Amended Complaint per the administrative requirements being met." Second Motion at 2 (attaching 28 pages from 11 documents).

Plaintiff, who files documents electronically, filed the "Supplement to the Complaint, Completed EEOC and HRB Administrative Requirements" as a motion with Plaintiff's docket entry identifying the document as "Second Motion for Supplement EEOC Administrative Requirements – All Defendants Completed." *See* Second Motion, Doc. 32.

It appears Plaintiff may be moving the Court to add an allegation regarding exhaustion of administrative remedies to her Third Amended Complaint that states:

> Against all Defendants; administrative requirements have been met in accordance with the Department of Workforce Solutions, the Human Rights Bureau, EEOC and Section 28-1-23(A) of the Act and New Mexico Rules of Civil Procedure at 1-004 requiring service of a copy of the notice of appeal [Third Amended Complaint, Dkt 26] has been served by certified mail, return receipts requested at the last known address of all parties and on the Bureau office in Santa Fe.

Second Motion at 2. The Court grants Plaintiff's Motion to supplement in part. Plaintiff has not cited any legal authority that allows a complaint to state a claim based on allegations that are presented in a document separate from the complaint. *See* D.N.M.LR-Civ. 7.3(a) ("A motion . . . must cite authority in support of the legal positions advanced"). Therefore, if Plaintiff is seeking to add allegations to the Third Amended Complaint, Plaintiff must file a fourth amended complaint. If Plaintiff does not file a fourth amended complaint, this case will proceed on the Third Amended Complaint.

**Order Denying Third Motion for Default Judgment**

Plaintiff seeks entry of default and default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Third Motion for Default Judgment at 2.

The Court denies Plaintiff's Third Motion for entry of default and default judgment as premature. The Court may only enter default and default judgment after a defendant fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. The Court has not notified Defendants of this lawsuit. The Court has previously notified Plaintiff two times that:

> Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

> First Order to Show Cause at 6. The Court has not resolved the Order to Show Cause. The Court will address service after the Court completes its review of Third Amended Complaint.

Order Denying Motion for Entry of Default Judgment at 6, Doc. 29, filed May 13, 2026. The Court will address service after the Court completes its review of the Third Amended Complaint, or its review of the fourth amended complaint if Plaintiff chooses to file a fourth amended complaint.

**Notice Regarding Compliance with Orders and Rules**

The Court notifies Plaintiff that if she continues to file documents restricted to "Case Participants" without showing a real and substantial interest that justifies depriving the public of access to the document, the Court may impose sanctions including revocation of Plaintiff's electronic filing privilege, filing restrictions and dismissal of this case.

**IT IS ORDERED** that:

(i) The Clerk remove the restrictions on the following documents and make the documents accessible to the public:

(a) Plaintiff's Reply, Doc. 25, filed February 28, 2026;

(b) Plaintiff's Third Amended Complaint, Doc. 26, filed March 5, 2026;

(c) Plaintiff's Errata, Doc. 27, filed March 14, 2026; and

(d) Plaintiff's Motion for Clerk's Entry of Default, Doc. 28, filed May 8, 2026.

(ii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not remove the restrictions and make the following documents accessible to the public:

(a) Plaintiff's Supplement to the Third Amended Complaint, Doc. 30, filed May 15, 2026; and

(b) Plaintiff's Appendix/Supplement Motion for Inquiry Filing for Record, Doc. 34, filed August 3, 2026.

Failure to timely show cause may result in the Court removing the restrictions and making the documents accessible to the public.

(iii) Plaintiff's Second Motion to Supplement Complaint, Doc. 32, filed July 12, 2026, is **GRANTED in part.** If Plaintiff is seeking to add allegations to the Third Amended Complaint, Plaintiff must file a fourth amended complaint within 21 days of entry of this Order. If Plaintiff does not timely file a fourth amended complaint, this case will proceed on the Third Amended Complaint.

(iv) Plaintiff's Third Motion for Default Judgment, Doc. 33, filed July 12, 2026, is **DENIED.**

**UNITED STATES MAGISTRATE JUDGE**